

*EXHIBIT A*

# AFFIDAVIT OF SERVICE

CHRIS DEROSE, CLERK
RECEIVED CCB #2
DOCUMENT DEPOSITORY
18 NOV 29 PM 2: 01

| Case:<br>CV 2018-014420 | Court:<br>Superior | County/State:<br>Maricopa, AZ | Job: |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Global Tranz Enterprises, Inc | | **Defendant / Respondent:**<br>Sean Michael Murphy and Jane Doe Murphy;<br>Directpoint Logistics, LLC; and Armstrong Transport<br>Group, LLC. | |
| **Received by:**<br>Reynolds Professional Service, Inc | | **For:**<br>First Legal Network - National Division | |
| **To be served upon:**<br>Armstrong Transport, LLC | | | |

I, Wendy L. Henrich, certify that I'm over the age of 21 and a resident of NC and not a party to the action and who is not related by blood or marriage to a party to the action or to a person upon whom service is to be made.

**Recipient Name / Address:** Emily Chiarizia, 8210 University Executive Park Dr Suite 210, Charlotte, NC 28262

**Manner of Service:** Authorized, Nov 19, 2018, 3:05 pm EST

**Documents:** Summons, Certificate of Compulsory Arbitration, Verified Complaint

**Additional Comments:**
1) Successful Attempt: Nov 19, 2018, 3:05 pm EST at 8210 University Executive Park Dr Suite 210, Charlotte, NC 28262 received by Emily Chiarizia. Age: 34; Ethnicity: Caucasian; Gender: Female; Weight: 125; Height: 5'11"; Hair: Blond; Relationship: General Counsel; Other: glasses;

_____  11/20/18
Wendy L.                          Date
Henrich

First Legal Network

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public

11/20/18    Mar. 31, 2021
Date          Commission Expires

RUTH REYNOLDS
NOTARY PUBLIC
Mecklenburg County
North Carolina
My Commission Expires March 31, 2021

CHRIS DEANNE CLERK

18 NOV 20 PM 2: 30

| Attorney or Party without Attorney: Lewis Brisbois Bisgaard & Smith JULIE E MAURER (023347) 2929 North Central Avenue Suite 1700 Phoenix, AZ 85012 Telephone No: 602-385-1040 | | For Court Use Only |
|---|---|---|
| Attorney For: Plaintiff | Ref. No. or File No.: 34464-206 | |

Insert name of Court, and Judicial District and Branch Court:
MARICOPA COUNTY SUPERIOR COURT

Plaintiff: GLOBAL TRANZ ENTERPRISES, INC.; ET AL.
Defendant: SEAN MICHAEL MURPHY AND JANE DOE MURPHY, HUSBAND AND WIFE; ET AL.

| AFFIDAVIT OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number: CV2018-014420 |
|---|---|---|---|---|

1. At the time of service I was at least 21 years of age and not a party to this action.

2. I served copies of the
   SUMMON; CERTIFICATE OF COMPULSORY ARBITRATION; VERIFIED COMPLAINT;

3. a. Party served:     DIRECTPOINT LOGISTICS LLC
   b. Person served:    SEAN MURPHY, STATUTORY AGENT

4. Address where the party was served:   10818 N 43rd St, Phoenix, AZ 85028

5. I served the party:
   a. by substituted service.   On: Sat, Nov 17 2018 at: 09:30 AM by leaving the copies with or in the presence of:
      SEAN MURPHY, STATUTORY AGENT , Caucasian , Male , Age: 30s , Hair: Blond , Height: 5'9" , Weight: 185 lbs.

   (a) ( Person of suitable age and discretion. Informed him or her of the general nature of the papers.
   (b) I received this subpoena for service on: 11/16/18

Service: $35.47, Mileage: $24.00, Affidavit: $10.00, Wait: $0.00, Fees Advanced: $0.00, Total: $69.47

I Declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

6. Person Executing:
   a. Zachary Mueller MC-8735;
   b. FIRST LEGAL
      3737 North 7th. Street Suite 209
      PHOENIX, AZ 85014
   c. (602) 248-9700

_____11/20/2018_____          _____
         (Date)                              (Signature)

7. STATE OF ARIZONA, COUNTY OF *Maricopa*
   Subscribed and sworn to (or affirmed) before on this ____20____ day of ____NOV.____, 2018 by Zachary Mueller (MC-8735)
   proved to me on the basis of satisfactory evidence to be the person who appeared before me.

                                    _____
                                       (Notary Signature)

AFFIDAVIT OF SERVICE

ANGELITA ZUNIGA
NOTARY PUBLIC, ARIZONA
MARICOPA COUNTY
My Commission Expires
December 5, 2018

2826480 (10336913)

<table>
<tr><td colspan="2">

Attorney or Party without Attorney:
Lewis Brisbois Bisgaard & Smith
JULIE E MAURER (023347)
2929 North Central Avenue Suite 1700
Phoenix, AZ 85012
Telephone No: 602-385-1040

</td><td colspan="2" rowspan="2">

For Court Use Only

18    NOV 20   PM 2: 30

</td></tr>
</table>

| | | |
|---|---|---|
| Attorney For: Plaintiff | Ref. No. or File No.: 34464-206 | |

Insert name of Court, and Judicial District and Branch Court:
MARICOPA COUNTY SUPERIOR COURT

Plaintiff:  GLOBAL TRANZ ENTERPRISES, INC.; ET AL.
Defendant:  SEAN MICHAEL MURPHY AND JANE DOE MURPHY, HUSBAND AND WIFE; ET AL.

| AFFIDAVIT OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CV2018-014420 |
|---|---|---|---|---|

1.  *At the time of service I was at least 21 years of age and not a party to this action.*

2.  I served copies of the
    SUMMON; CERTIFICATE OF COMPULSORY ARBITRATION; VERIFIED COMPLAINT;

3.  *a.  Party served:*     SEAN MICHAEL MURPHY
    *b.  Person served:*   SEAN MICHAEL MURPHY , Caucasian , Male , Age: 30s , Hair: Blond , Height: 5'9" , Weight: 185 lbs

4.  *Address where the party was served:*   10818 N 43rd St, Phoenix, AZ 85028

5.  *I served the party:*
    a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive
    process for the party (1) on: Sat, Nov 17 2018 (2) at: 09:30 AM

Service: $25.40, Mileage: $0.00, Affidavit: $10.00, Wait: $0.00, Fees Advanced: $0.00, Total: $35.40

I Declare under penalty of perjury under the laws of the State of
Arizona that the foregoing is true and correct.

6.  *Person Executing:*
    *a.* Zachary Mueller MC-8735
    **b.** FIRST LEGAL
       3737 North 7th. Street Suite 209
       PHOENIX, AZ 85014
    *c.* (602) 248-9700

| 11/20/2018 | |
|---|---|
| *(Date)* | *(Signature)* |

7.  STATE OF ARIZONA, COUNTY OF *Maricopa*
    Subscribed and sworn to (or affirmed) before on this _____ 20 _____ day of _____ NOV. _____ , 2018 by Zachary Mueller (MC-8735)
    proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
*(Notary Signature)*

ANGELITA ZUNIGA
NOTARY PUBLIC, ARIZONA
MARICOPA COUNTY
My Commission Expires
December 5, 2018

AFFIDAVIT OF SERVICE

*2826476 (10336911)*

FL
FIRST LEGAL

Isaac P. Hernandez (SBN 025537)
Hernandez Law Firm, PLC
1440 E. Missouri Ave., Ste. C115
Phoenix, Arizona 85014
Tel:    602.753.2933
Fax:    855.592.5876
Email: isaac@hdezlawfirm.com

*Attorney for Defendant Mike Murphy*

## SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Globaltranz Enterprises, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Sean Michael Murphy, and Jane Doe Murphy, husband and wife; Directpoint Logistics, LLC; and Armstrong Transport Group, LLC <br><br> Defendants. | Case No.  CV2018-014420 <br><br> **DEFENDANT SEAN MICHAEL MURPHY AND DIRECTPOINT LOGISTICS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM AGAINST GLOBALTRANZ ENTERPRISES INC.** |

Defendant Sean Michael Murphy ("Mike") and DirectPoint Logistics, LLC ("DirectPoint") (collectively referred to herein as "DL Defendants"), by and through undersigned counsel, submit their answer to Plaintiff GlobalTranz Enterprises, Inc. ("GlobalTranz") Complaint filed on November 16, 2018.

### PARTIES, JURISDICTION AND VENUE

1.      DL Defendants admit that GlobalTranz is an Arizona corporation doing business as a freight broker.  DL Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph and therefore deny them.

2.      DL Defendants admit that Mike was a resident of Maricopa County during the relevant time period.   Mike is a single (unmarried) man, and therefore

denies the remaining allegations in this paragraph.

3.    Deny.

4.    DL Defendants admit that Mike is the owner and sole member of DirectPoint, a member managed Arizona limited liability company with its principal place of business in Arizona.

5.    DL Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore denies them.

6.    Deny.

7.    Admit as to Mike and DirectPoint.

**INTRODUCTION**

8.    Deny.

9.    Deny.

10.    Deny.

11.    DL Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

12.    DL Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

13.    DL Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

14.    DL Defendants admit Mike had contact with representatives of KIK International and A1 Cabinet and Granite during and after his employment with GlobalTranz, and deny the remaining allegations in this paragraph.

15.    Deny.

16.    DL Defendants admit Mike had contact with representatives of KIK International and A1 Cabinet and Granite during and after his employment with GlobalTranz, and deny the remaining allegations in this paragraph.

17.    Deny.

18.    Deny.

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

19.     Deny.

## GENERAL ALLEGATIONS

20.     DL Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

21.     Admit.

22.     Deny.

23.     DL Defendants admit Mike was employed as a sales representative for GlobalTranz whose duties included securing and retaining customers, and deny the remaining allegations in this paragraph.

24.     Admit.

25.     Admit.

26.     Deny.

## THE PROPRIETARY INFORMATION, INVENTIONS, AND NON-SOLICITATION AGREEMENT BETWEEN GLOBALTRANZ AND MIKE.

27.     Deny.

28.     Deny.

29.     DL Defendants admit that Mike solicited customers and prospective customers during his employment with GlobalTranz, and deny the remainder of allegations in this paragraph.

30.     Deny.

## MIKE'S ACCESS TO CONFIDENTIAL INFORMATION

31.     DL Defendants admit that Mike's employment with GlobalTranz included developing and maintaining relationships with customers and prospective customers.

32.     DL Defendants admit that Mike received job training during his employment with GlobalTranz, and deny the remainder of allegations in this paragraph.

33.     DL Defendants admit that GlobalTranz provided Mike with access to

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

information necessary to perform his work duties, and deny the remainder of allegations in this paragraph.

34. Deny.

35. DL Defendants admit Mike had access to information concerning active and inactive customer lists and pricing information, and deny the remainder of allegations in this paragraph.

36. Deny.

37. Deny.

38. DL Defendants admit that GlobalTranz provided Mike with a computer to perform his work duties.

39. Admit.

40. Deny.

41. Deny.

**MIKE'S UNLAWFUL CONDUCT**

42. Deny.

43. DL Defendants admit that Mike entered an independent contractor agreement with Armstrong in March 2018, and deny the remainder of allegations in this paragraph.

44. Deny.

45. DL Defendants admit that they are engaged in business activities that compete with GlobalTranz, and deny the remainder of allegations in this paragraph.

46. DL Defendants admit that they are engaged in business activities that compete with GlobalTranz, and deny the remainder of allegations in this paragraph.

47. Deny.

48. Deny.

49. DL Defendants admit that they are engaged in business activities that compete with GlobalTranz, and deny the remainder of allegations in this paragraph.

50. Deny.

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

51.     DL Defendants admit that GlobalTranz engages in interstate commerce, and deny the remainder of allegations in this paragraph.

52.     Deny.

## COUNT ONE

## BREACH OF CONTRACT AGAINST MIKE

53.     DL Defendants incorporate by reference their responses to the preceding paragraphs.

54.     Deny.

55.     Deny.

56.     Deny.

57.     Deny.

58.     Deny.

## COUNT TWO

## BREACH OF FIDUCIARY DUTY - AGAINST MIKE

59.     DL Defendants incorporate by reference their responses to the preceding paragraphs.

60.     Deny.

61.     Deny.

62.     Deny.

63.     Deny.

64.     Deny.

65.     Deny.

66.     Deny.

67.     Deny.

## COUNT THREE

## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY –

## AGAINST ARMSTRONG AND DIRECTPOINT

68.     DL Defendants incorporate by reference their responses to the preceding

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

paragraphs.

69.   Deny.

70.   Deny.

71.   Deny.

72.   Deny.

73.   Deny.

74.   Deny.

75.   Deny.

## COUNT FOUR

## MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE DEFEND TRADE SECRETS ACT, 18 U.S.C., et seq. – ALL DEFENDANTS

76.   DL Defendants incorporate by reference their responses to the preceding paragraphs.

77.   Deny.

78.   Deny.

79.   Deny.

80.   Deny.

81.   Deny.

82.   Deny.

83.   Deny.

84.   Deny.

85.   Deny.

86.   Deny.

## COUNT FIVE

## VIOLATION OF ARIZONA UNIFORM TRADE SECRETS ACT AND MISAPPROPRIATION OF TRADE SECRETS – ALL DEENDANTS

87.   DL Defendants incorporate by reference their responses to the preceding paragraphs.

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

88.    Deny.

89.    Deny.

90.    Deny.

91.    Deny.

92.    Deny.

93.    Deny.

94.    Deny.

95.    Deny.

## COUNT SIX

## TORTIOUS INTERFERENCE WITH CONTRACTS / BUSINESS

## EXPECTANCIES – ALL DEFENDANTS

96.    DL Defendants incorporate by reference their responses to the preceding paragraphs.

97.    Deny.

98.    Deny.

99.    Deny.

100.    Deny.

101.    Deny.

102.    Deny.

103.    Deny.

104.    Deny.

## COUNT SEVEN

## CONVERSION – ALL DEFENDANTS

105.    DL Defendants incorporate by reference their responses to the preceding paragraphs.

106.    Deny.

107.    Deny.

108.    Deny.

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

109. Deny.

## COUNT EIGHT

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING – MIKE

110. DL Defendants incorporate by reference their responses to the preceding paragraphs.

111. Deny.

112. Deny.

113. Deny.

114. Deny.

115. Deny.

## COUNT NINE

## UNJUST ENRICHMENT – ALL DEFENDANTS

116. DL Defendants incorporate by reference their responses to the preceding paragraphs.

117. Deny.

118. Deny.

119. Deny.

## COUNT TEN

## CIVIL CONSPIRACY – ALL DEFENDANTS

120. DL Defendants incorporate by reference their responses to the preceding paragraphs.

121. Deny.

122. Deny.

123. Deny.

124. Deny.

Hernandez Law Firm, PLC
1440 E. Missouri Ave., Ste. C115
Phoenix, Arizona 85014
602.753.2933

**AFFIRMATIVE DEFENSES**

Without conceding which party bears the burden of proof on any defense, DL Defendants assert the following affirmative defenses.

1.      Plaintiff fails to state a claim, in whole or in part, upon which relief can be granted.

2.      At all relevant times, DL Defendants were in full compliance with any and all relevant laws, regulations, ordinances and other obligations.

3.      DL Defendants had reasonable cause and legal justification for all its actions.

4.      Plaintiff's claims are barred, in whole or in part, by its own inequitable, fraudulent or otherwise wrongful conduct.

5.      Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

6.      Even if Plaintiff could establish liability for any of the claims asserted, it would only be entitled to nominal damages.

7.      Actual damages would be purely speculative.

8.      Actual damages are too remote and not contemplated by the parties.

9.      Plaintiff's claims may be barred, in whole or in part, by failure of adequate consideration.

10.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of accord and satisfaction.

11.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches.

12.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of equitable estoppel.

Hernandez Law Firm, PLC
1440 E. Missouri Ave., Ste. C115
Phoenix, Arizona 85014
602.753.2933

13.     Plaintiff's claims may be barred, in whole or in part, for failure to mitigate damages.

14.     Plaintiffs' claims were brought without substantial justification and DL Defendants are entitled to its attorneys' fees, costs and damages pursuant to A.R.S. § 12-349.

15.     DL Defendants incorporate by reference the affirmative defenses set forth in Rule 8(d), Ariz. R. Civ. P., which are incorporated by reference in their entirety.

16.     DL Defendants are not liable for punitive damages.

17.     Plaintiff is not entitled to damages, attorneys' fees or costs.

18.     Plaintiff is not entitled to injunctive or other relief.

19.     DL Defendants reserve the right to assert all other applicable affirmative defenses that may develop through discovery.

**WHEREFORE**, having fully answered Plaintiff's Verified Complaint, DL Defendants respectfully demand judgment in their favor as follows:

A.     That the Complaint be dismissed, with prejudice, and Plaintiff takes nothing thereby.

B.     That DL Defendants be awarded reasonable attorneys' fees and costs incurred herein pursuant to A.R.S. §12-341, A.R.S. §12-341.01, A.R.S. §12-349, ARCP 11(a), and/or any other statute or court rule allowing such recovery.

C.     That DL Defendants be awarded pre and post judgment interest on the foregoing amount at the maximum rate permitted by law.

D.     That DL Defendants be awarded such other relief as the Court deems just and proper.

///

Hernandez Law Firm, PLC
1440 E. Missouri Ave., Ste. C115
Phoenix, Arizona 85014
602.753.2933

## COUNTERCLAIM

**COMES NOW** Counterclaimant Sean Michael Murphy ("Counterclaimant" or "Mike"), in support of his Complaint against Counterdefendant GlobalTranz ("GlobalTranz"), and hereby alleges as follows:

### NATURE OF THE ACTION

1.     Mike brings this action to recover unpaid compensation and other appropriate relief from GlobalTranz pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, Mike contends that GlobalTranz failed to compensate Mike one-and-a-half times the applicable wage rate for certain time periods in which he worked more than forty hours in a workweek, thereby depriving Mike of compensation to which he was entitled.  Mike seeks declaratory relief, backpay for nonpayment and underpayment of wages and overtime, liquidated damages, compensatory and punitive damages, attorney's fees and costs, and other relief available under the FLSA, and any other applicable law.

### JURISDICTION AND VENUE

2.     Jurisdiction over Mike's claim is conferred on this Court pursuant to 29 U.S.C. §216(b).

3.     Venue is proper in this Court because the acts, events, or omissions giving rise to Mike's claims occurred in whole, or in part, in Maricopa County, Arizona.

### PARTIES

4.     GlobalTranz is an Arizona corporation doing business as a freight broker.

5.     GlobalTranz maintains offices and does business in Maricopa County, Arizona.

6.     GlobalTranz engaged in commerce that had gross annual sales of at least $500,000.

7.     At all relevant times Mike was an "employee" of GlobalTranz as

Hernandez Law Firm, PLC
1440 E Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

defined under 29 U.S.C. §203(d).

8.    At all relevant times GlobalTranz was an "employer" as defined under 29 U.S.C. §203(d).

### FACTUAL BACKGROUND

9.    In March 2014 Mike began his employment with GlobalTranz as a Sales Representative.

10.    For approximately the first 90 days of Mike's employment, Mike was paid a base annual salary of $30,000 with the potential for commission incentives, regardless of how many hours he worked per workweek.

11.    After the first 90 days, Mike's annual salary was increased to $40,000, regardless of how many hours he worked per workweek.

12.    In or around December 2016/January 2017, Mike's annual salary was increased to $50,000, regardless of how many hours he worked per workweek.

13.    In any given workweek during his employment with GlobalTranz, Mike was scheduled to work, and did work, a minimum of forty-five (45) hours per week.

14.    In any given workweek during his employment with GlobalTranz, Mike was expected to work and did work, off premises, outside of regular business hours, during his lunch breaks, and on weekends.  Such work included but was not limited to, sending, receiving emails, phone calls, text messages, and other correspondence to and from clients.

15.    Despite performing such work, and despite GlobalTranz' knowledge and awareness of my performing such work, Mike was not compensated at all for such time worked, nor did GlobalTranz keep accurate records of such time.

16.    The work Mike performed for GlobalTranz a Sales Representative was essentially the same work that other Sales Representatives were and are required to perform.

17.    Mike believes it is and was the practice of GlobalTranz to require,

expect, and encourage him and other similarly situated employees perform work for GlobalTranz outside of normal business hours, off premises, during lunch breaks, and on weekends in a given workweek and during each and every workweek.

18.     Mike believes that it was the policy and practice of GlobalTranz to not pay an overtime premium wage rate whatsoever for all time its employees worked in excess of 40 hours per workweek.

19.     Mike was a non-exempt employee during his employment with GlobalTranz.

20.     Mike was not an outside sales employees at any time during his employment with GlobalTranz.

21.     Up until sometime in 2017, Mike's commission did not equal half of his total earnings.

22.     Throughout 2017, and up until Mike left his employment with GlobalTranz in February 2018, there were pay periods in which his commission earnings did not equal half of his total earnings.

23.     During each and every workweek during his employment Mike worked approximately forty-five (45) to sixty (60) hours per week, including routinely working through lunch periods, routinely working from home after regular business hours, and routinely working from home on weekends for which time GlobalTranz failed to accurately record time worked.

24.     GlobalTranz failed to properly disclose to or apprise Mike and other similarly situated employees of their rights under the FLSA.

25.     GlobalTranz engaged in the regular practice of willfully failing to pay Mike and other similarly situated employees one-and-one-half times their regular rates of pay for all time that they worked in excess of forty (40) hours per workweek.

26.     As a result of GlobalTranz' willful failure to pay Mike and other similarly situated employees one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, GlobalTranz paid Mike and other

Hernandez Law Firm, PLC
1440 E. Missouri Ave., Ste. C115
Phoenix, Arizona 85014
602.753.2933

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

similarly situated employees less than the applicable overtime wage rate for such work that they performed in excess of forty (40) hours per workweek.

27. GlobalTranz knew or should have known whether its failure to pay to Mike and other similarly situated employees one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate federal and state law.

28. GlobalTranz was aware of the FLSA overtime wage requirements during Mike's employment.

29. GlobalTranz' violations the FLSA was willful or with reckless disregard for Mike's rights under the FLSA.

30. Due to GlobalTranz' illegal wage practices, Mike is entitled to an additional amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

31. Although at this stage, Mike is unable to state the exact amount owed for all time worked during the course of his employment, Mike believes that such information will become available during the course of discovery.

## FIRST CAUSE OF ACTION
### (FLSA-Unpaid Overtime)

32. Counterclaimant incorporates by reference the preceding paragraphs in this Counterclaim.

33. By failing to pay Mike one-and-one-half times his regular hourly rate for all hours worked in excess of 40 hours per work week, GlobalTranz violated his rights under the FLSA, including but not limited to 29 U.S.C. §207.

34. GlobalTranz' failure to pay Mike one-and-a-half times his regular hourly rate for all hours worked in excess of 40 hours per work week was knowing, willful, and in reckless disregard of his rights under the FLSA.

///

///

- 14 -

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

## SECOND CAUSE OF ACTION

### (AWA-Wages)

35.     Counterclaimant incorporates by reference the preceding paragraphs in this Counterclaim.

36.     By failing to pay Mike all his wages and overtime, GlobalTranz violated his rights under the AWA, including but not limited to, A.R.S. §23-355.

37.     GlobalTranz' failure to pay Mike for all hours of work was knowing, willful, and in reckless disregard of his rights under the AWA.

**WHEREFORE**, Mike prays for relief against GlobalTranz as follows:

A.     Declare that GlobalTranz violated the FLSA and AWA by its failure to pay Mike one-and-a-half times his regularly hourly rate for all hours worked in excess of 40 hours per work week;

B.     Award Mike payment for all unpaid wages and overtime;

D.     Award Mike liquidated damages in an amount equal to his unpaid wages and overtime;

F.     Order GlobalTranz to pay reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b), A.R.S. § 12-341.01 and/or A.R.S. §23-364;

G.     Order GlobalTranz to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

H.     Order GlobalTranz to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against GlobalTranz; and

I.     Order all other relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Mike.

### JURY DEMAND

Mike requests a jury trial.

- 15 -

Respectfully submitted this 14th day of December 2018.

Hernandez Law Firm, PLC

By: /s/ Isaac P. Hernandez
Isaac P. Hernandez
Attorney for DL Defendants and
Counterclaimant

**ORIGINAL** of the foregoing
e-filed and a **COPY** emailed and mailed this
this 14th day of December 2018 to:

Julie E. Maurer, Esq.
Angela L. Cooner, Esq.
David C. Clukey, Esq.
Lewis Brisbois Bisgaard and Smith LLP
2929 N. Central Ave., Ste. 1700
Phoenix, AZ 85012
Email:  julie.maurer@lewisbrisbois.com
        angela.cooner@lewisbrisbois.com
        david.clukey@lewisbrisbois.com

Erik Stone, Esq.
Jones, Skelton, and Hochuli, P.L.C.
40 N. Central Ave., Ste. 2700
Phoenix, AZ. 85004
Email:  estone@Jshfirm.com

/s/ Isaac Hernandez

COPY

NOV 16 2018

CHRIS DEROSE, CLERK

DEPUTY CLERK

COURT SEAL

1  JULIE E. MAURER, SB #023347
   Julie.Maurer@lewisbrisbois.com
2  ANGELA L. COONER, SB #023410
   Angela.Cooner@lewisbrisbois.com
3  DAVID C. CLUKEY, SB #034685
   David.Clukey@lewisbrisbois.com
4  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   Phoenix Plaza Tower II
5  2929 North Central Avenue, Suite 1700
   Phoenix, Arizona 85012-2761
6  Telephone: 602.385.1040
   Facsimile: 602.385.1051
7  Firm email: azdocketing@lewisbrisbois.com
   *Attorneys for Plaintiff GlobalTranz Enterprises, Inc.*

8

9        SUPERIOR COURT OF THE STATE OF ARIZONA

10          IN AND FOR THE COUNTY OF MARICOPA

11  GLOBALTRANZ ENTERPRISES, INC.,    No.   CV 2018-014420

12              Plaintiff,            **CERTIFICATE OF COMPULSORY
                                      ARBITRATION**
13       vs.

14  SEAN MICHAEL MURPHY and JANE
    DOE MURPHY, husband and wife;
15  DIRECTPOINT LOGISTICS, LLC; and
    ARMSTRONG TRANSPORT GROUP,
16  LLC,

17              Defendants.

18       Plaintiff, by and through undersigned counsel, certifies that the largest award sought

19  in this case exceeds the limits set forth by the Arizona Rules for Compulsory Arbitration

20  and therefore this case is not subject to mandatory arbitration.

21       DATED this 1st day of November, 2018.

22                                    **LEWIS BRISBOIS BISGAARD &
                                      SMITH LLP**
23

24                                    By:_____
                                         Julie E. Maurer
25                                       Angela L. Cooner
                                         David C. Clukey
26                                       *Attorneys for Plaintiff GlobalTranz
                                         Enterprises, Inc.*
27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-7478-0281.1

# In the Superior Court of the State of Arizona
## in and for the County of Maricopa

Case Number CV2018-014420

## CIVIL COVER SHEET- NEW FILING ONLY
(Please Type or Print)

Plaintiff's Attorney Julie E. Maurer

Attorney Bar Number 023347

Is Interpreter Needed? ☐ Yes ☒ No
If yes, what language:

**COPY**

NOV 16 2018

CHRIS DEROSE, CLERK

DEPUTY CLERK

| Plaintiff's Name(s): (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|
| Global Tranz Enterprises, Inc. | c/o Julie E. Maurer | 602-385-7832 | julie.maurer@lewisbrisbois.com |

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)

Sean Michael Murphy and Jane Doe Murphy

DirectPoint Logistics, LLC; and ARMSTRONG TRANSPORT GROUP, LLC

(List additional Defendants on page two and/or attach a separate sheet)

## NATURE OF ACTION

(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

### 100 TORT MOTOR VEHICLE:
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

### 110 TORT NON-MOTOR VEHICLE:

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

### 120 MEDICAL MALPRACTICE:

☐ 121 Physician M.D.    ☐ 123 Hospital
☐ 122 Physician D.O    ☐ 124 Other

### 130 CONTRACTS:
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☒ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
　　☐ 136 Six to Nineteen Structures
　　☐ 137 Twenty or More Structures

### 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation
☐ 151 Eviction Actions (Forcible and Special Detainers)
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action
　　(A.R.S. §23-212)

☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)
☐ 187 Real Property
☐ Special Action against Lower Courts
   (See Lower Court Appeal cover sheet in Maricopa)
☐ 194 Immigration Enforcement Challenge
   (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
   (See Lower Court Appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
   (All other tax matters must be filed in the AZ Tax Court)
☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute- Other
☐ 190 Declaration of Factual Innocence
   (A.R.S. §12-771)

☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain– Light Rail Only
☐ 177 Interpleader– Automobile Only
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute- Discrimination
☐ 185 Employment Dispute-Other
☐ 196 Verified Rule 45.2 Petition
☐ 195(a) Amendment of Marriage License
☐ 195(b) Amendment of Birth Certificate
☐ 163 Other _____
                (Specify)

## RULE 26.2 DISCOVERY TIER or AMOUNT PLEADED:

(State the amount in controversy pleaded or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.)

☐ Amount Pleaded $ _____     ☐ Tier 1     ☐ Tier 2     ☒ Tier 3

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order     ☐ Provisional Remedy     ☐ OSC     ☐ Election Challenge
☐ Employer Sanction     ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the commercial Court. More information on the commercial Court, including the most recent forms, are available on the Court's website at https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

1  JULIE E. MAURER, SB #023347
   Julie.Maurer@lewisbrisbois.com
2  ANGELA L. COONER, SB #023410
   Angela.Cooner@lewisbrisbois.com
3  DAVID C. CLUKEY, SB #034685
   David.Clukey@lewisbrisbois.com
4  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   Phoenix Plaza Tower II
5  2929 North Central Avenue, Suite 1700
   Phoenix, Arizona 85012-2761
6  Telephone: 602.385.1040
   Facsimile: 602.385.1051
7  Firm email: azdocketing@lewisbrisbois.com
   *Attorneys for Plaintiff GlobalTranz Enterprises, Inc.*

8

9                SUPERIOR COURT OF THE STATE OF ARIZONA

10                   IN AND FOR THE COUNTY OF MARICOPA

11  GLOBALTRANZ ENTERPRISES, INC.,          No. CV 2018-014420

12              Plaintiff,                    **VERIFIED COMPLAINT**

13      vs.                                   **(Jury Trial Requested)**

14  SEAN MICHAEL MURPHY and JANE
    DOE MURPHY, husband and wife;
15  DIRECTPOINT LOGISTICS, LLC; and
    ARMSTRONG TRANSPORT GROUP,
16  LLC,

17              Defendants.

18      GlobalTranz Enterprises, Inc. ("GlobalTranz" or "Plaintiff"), by and through

19  undersigned counsel, for its Verified Complaint against Sean Michael Murphy ("Mike") and

20  Jane Doe Murphy, DirectPoint Logistics, LLC and Armstrong Transport Group, LLC

21  (collectively, "Defendants"), hereby alleges as follows:

22              **PARTIES, JURISDICTION AND VENUE**

23      1.    GlobalTranz is a corporation organized and existing under the laws of the State

24  of Arizona, with its principal place of business in Scottsdale, Arizona. GlobalTranz is a

25  freight broker authorized to business as such by the Federal Motor Carrier Safety

26  Administration.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1180-0186.1

1      2.      Upon information and belief, the Murphys are residents of Maricopa County,

2 Arizona. Mr. Sean Michael Murphy ("Mike") caused events to occur in Arizona out of which

3 this Verified Complaint arises. Upon information and belief, Mike is married to Jane Doe

4 Murphy and was, at all material times, acting on behalf of himself and his marital community.

5      3.      The true names of Jane Doe Murphy is not presently known to Plaintiff, but

6 leave of Court will be requested to add the true name when it is discovered.

7      4.      Upon information and belief, DirectPoint Logistics, LLC ("DirectPoint"), is a

8 member managed Arizona limited liability company doing business in the State of Arizona,

9 with the sole member being Defendant Mike with its principal place of business in the State of

10 Arizona. DirectPoint caused events to occur in Arizona out of which this Verified Complaint

11 arises.

12      5.      Upon information and belief, Armstrong Transportation Group, LLC

13 ("Armstrong"), is a North Carolina limited liability company doing business in the State of

14 Arizona, with its principal place of business in the State of North Carolina. Armstrong caused

15 events to occur in Arizona out of which this Verified Complaint arises.

16      6.      The acts of and conduct by Defendants alleged herein occurred in Maricopa

17 County, Arizona and/or caused injury to Plaintiff in Maricopa County, and/or Defendants have

18 caused events to occur in the State of Arizona out of which the claims alleged in this Verified

19 Complaint arise.

20      7.      This Court has personal and subject matter jurisdiction over the parties and

21 issues in this Verified Complaint, and venue in Maricopa County is proper.

22                                   **INTRODUCTION**

23      8.      This action concerns an on-going scheme by Defendants to unlawfully divert

24 GlobalTranz' customers, employees, Confidential Information, and Trade Secrets for

25 Defendants' personal gain and advantage.

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

9. Defendants engaged and continue to engage in a concerted effort to solicit, recruit, retain, and perform services for GlobalTranz's current and prospective customers, employees, leads, and referrals in violation of known contractual obligations.

10. Defendants engaged and continue to engage in a concerted effort to hire away GlobalTranz's employees, to induce GlobalTranz's employees to breach their existing contractual obligations to GlobalTranz, and to obtain through those employees access to GlobalTranz's existing customers, potential customer lists, Trade Secrets, Confidential Information, and existing employees, among others.

11. Armstrong is a direct competitor of GlobalTranz, and provides the same or similar logistics services that GlobalTranz does, by utilizing the same or similar structure or model that GlobalTranz does.

12. Armstrong's focus and strategy is to provide the same or similar logistics services that GlobalTranz does by employing the same or similar structure that GlobalTranz does. Armstrong attempts to do this by improperly recruiting, soliciting, and taking GlobalTranz's employees to gain access to and use of the employees' books of business or other information to solicit GlobalTranz's customers. In other words, Armstrong steals from GlobalTranz, rather than earning customers in the marketplace. Armstrong steals from GlobalTranz, in part, by targeting and recruiting GlobalTranz's employees and by inducing GlobalTranz's employees to breach their existing non-solicitation and non-compete agreements with GlobalTranz in violation of their contractual, statutory and common law duties.

13. Upon information and belief, Armstrong has paid and offered to pay GlobalTranz's employees bonuses to bring their GlobalTranz books of business to Armstrong and to recruit GlobalTranz's employees to work for or with Armstrong in violation of their contractual, statutory, and common law duties.

14. The scheme also involves the following improper and unlawful conduct by Defendants, individually and collectively: (1) diverting GlobalTranz customers, referrals, and

1  employees for their own use and to benefit Armstrong, and (2) stealing GlobalTranz's
2  property. Both during his employment and after his employment with GlobalTranz ended,
3  Mike continued the scheme by unlawfully soliciting GlobalTranz's customers, including, but
4  not limited to, KIK International and A1 Cabinet and Granite, and accessing and utilizing
5  GlobalTranz's information, without permission or authorization.

6       15.    Mike entered into an Employee Proprietary Information, Inventions and Non-
7  Solicitation Agreement with GlobalTranz, which prohibits him, for one (1) year after the date
8  his employment ends, from recruiting, inducing, or soliciting GlobalTranz's customers,
9  employees, agents, or contractors and prohibits him from soliciting, performing, providing, or
10  attempting to perform or provide services which compete with the products, services, or
11  processes provided by GlobalTranz to its customers.

12       16.    Despite his agreement with GlobalTranz, Mike has recruited, induced, or
13  solicited GlobalTranz's customers and/or solicited, performed, provided or attempted to
14  perform or provide services to GlobalTranz's customers which compete with the products,
15  services, or process provided by GlobalTranz's to its customers, including, but not limited to,
16  KIK International and A1 Cabinet and Granite, without permission or authorization.

17       17.    Defendants were expressly aware of the non-solicitation and non-compete
18  obligations owed to GlobalTranz. Despite this knowledge, Defendants continue to solicit,
19  recruit, and induce GlobalTranz's customers and employees to breach their contractual,
20  statutory and common law duties.

21       18.    In violation of his agreement, Mike has solicited and provided services to
22  GlobalTranz customers through DirectPoint for the benefit of GlobalTranz' direct competitor
23  Armstrong.

24       19.    Defendants' actions have caused irreparable harm and damage to GlobalTranz.
25  //
26  //
27  //
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## GENERAL ALLEGATIONS

20.    GlobalTranz is a technology-enabled logistics company specializing in freight management services including LTL, Full Truckload, Supply Chain Management, and Domestic Air/Expedited shipping. GlobalTranz is staffed by experienced personnel in sales, administration, and technical support. Its success is based upon the proprietary technical information it has acquired and customer relationships it has developed through the investment of great time and expense by GlobalTranz, and which it utilizes on a day-to-day basis. GlobalTranz is engaged in interstate commerce.

21.    Mike was hired in March 2014 as a sales representative for GlobalTranz.

22.    As part of Mike's employment with GlobalTranz, on March 3, 2014, Mike agreed to, by signing, the Employee Proprietary Information, Inventions and Non-Solicitation Agreement ("Agreement"). *See* Exhibit A attached.

23.    As a sales representative for GlobalTranz, Mike worked to secure and retain customer business with GlobalTranz. Mike had access to information related to and was charged with recruitment of existing and potential GlobalTranz customers, including but not limited the rates GlobalTranz charged its customers. Mike had access to and relied upon GlobalTranz's confidential and proprietary software program to compile, analyze, strategize and develop customer business for GlobalTranz.

24.    Mike's last day of employment with GlobalTranz was February 5, 2018.

25.    Mike formed his own company, DirectPoint on January 18, 2018, prior to terminating his employment with GlobalTranz.

26.    Upon information and belief, Mike began working with GlobalTranz's direct competitor, Armstrong, by at least February of 2018, if not sooner.

## THE PROPRIETARY INFORMATION, INVENTIONS AND NON-SOLICITATION AGREEMENT BETWEEN GLOBALTRANZ AND MIKE.

27.    The Agreement between Mike and GlobalTranz contained the following terms:

**NONDISCLOSURE.**

4821-1180-0186.1

**1.1 Recognition of Company's Rights; Nondisclosure.** I understand and acknowledge that my employment by the Company creates a relationship of confidence and trust with respect to the Company's Proprietary Information (defined below) and that the Company has a protectable interest therein. At all times during my employment and thereafter, I will hold in strictest confidence and will not disclose, use, lecture upon or publish any of the Company's Proprietary Information, except as such disclosure, use or publication may be required in connection with my work for the Company, or unless an officer of the Company expressly authorizes such in writing. I will obtain the Company's written approval before publishing or submitting for publication any material (written, verbal, or otherwise) that relates to my work at the Company and/or incorporates any Proprietary Information.

\* \* \*

**5. NO SOLICITATION OF EMPLOYEES, CONSULTANTS, CONTRACTORS, OR CUSTOMERS OR POTENTIAL CUSTOMERS.** I agree that during the period of my employment and for the one (1) year period after the date my employment ends for any reason, including but not limited to voluntary termination by me or involuntary termination by the Company, I will not, as an officer, director, employee, consultant, owner, partner, or in any other capacity, either directly or through others, except on behalf of the Company:

**5.1** solicit, induce, encourage, or participate in soliciting, inducing, or encouraging any employee of the Company to terminate his or her relationship with the Company;

**5.2** hire, employ, or engage in business with or attempt to hire, employ, or engage in business with any person employed by the Company or who has left the employment of the Company within the preceding three (3) months or discuss any potential employment or business association with such person, even if I did not initiate the discussion or seek out the contact;

**5.3** solicit, induce or attempt to induce any Customer or Potential Customer, or any consultant or independent contractor with whom I had direct or indirect contact or whose identity I learned as a result of my employment with the Company, to terminate, diminish, or materially alter in a manner harmful to the Company its relationship with the Company; or

**5.4** solicit, perform, provide or attempt to perform or provide any Conflicting Services for a Customer or Potential Customer.

The parties agree that for the purposes of this Agreement, a

4821-1180-0186.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

> *"**Customer or Potential Customer**"* is any person or entity who or
> which, at any time during the one (1) year prior to the date of my
> employment with the Company ends, (i) contracted for, was filled
> for, or received from the Company any product, service or
> process with which I worked directly or indirectly during my
> employment by the Company or about which I acquired
> Proprietary Information; or (ii) was in contact with me or in
> contact with any other employee, owner, or agent of the
> Company, of which contact I was or should have been aware,
> concerning any product, service or process with which I worked
> directly or indirectly during my employment with the Company or
> about which I acquired Proprietary Information; or (iii) was
> solicited by the Company in an effort in which I was involved or
> of which I was or should been aware.
>
> The parties agree that for the purposes of this Agreement,
> *"**Conflicting Services**"* means any product, service, or process or
> research and development thereof, of any person or organization
> other than the Company that directly competes with a product,
> service, or process, including the research and development
> thereof, of the Company with which I worked directly or
> indirectly during my employment by the Company or about which
> I acquired Proprietary Information during my employment with
> the Company.

28. The Agreement with GlobalTranz prohibits Mike, *inter alia*: (1) either soliciting or providing any transportation services to GlobalTranz's current or prospective customers to do business with any direct competitor of GlobalTranz, for one year following the termination of his employment; (2) recruiting or attempting to recruit GlobalTranz employees, agents and/or independent contractors to work for any competitor of GlobalTranz, such as Armstrong, for one year following the termination of his employment at GlobalTranz; and (3) using or disclosing any Confidential Information or Trade Secrets information of GlobalTranz's. Section 10 of the Agreement expressly entitles GlobalTranz to seek injunctive relief for any breach of these contractual obligations.

29. In his position at GlobalTranz, Mike solicited customers, prospective customers, referrals and paid leads.

30. Defendants have engaged in a pattern and practice of recruiting GlobalTranz's customers and employees for the benefit of Armstrong and/or DirectPoint; soliciting, performing or providing "Conflicting Services" for GlobalTranz's customers and employees

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  to do business with Armstrong and/or DirectPoint, directly or through its agents or contractors,

2  in contravention to known, on-going contractual obligations; and using and disclosing

3  GlobalTranz's Confidential Information or Trade Secrets for the benefit of Armstrong and/or

4  DirectPoint.

5

6  **MIKE'S ACCESS TO CONFIDENTIAL INFORMATION**

7      31.    GlobalTranz relied upon Mike to be responsible for developing and maintaining

8  relationships with customers and prospective customers.

9      32.    GlobalTranz invested considerable resources, effort, and expenditure of time and

10  money in training its employees, including Mike.

11      33.    Mike was given significant access to GlobalTranz's Confidential Information

12  and Trade Secrets in order to perform his duties for GlobalTranz.

13      34.    The Confidential Information and Trade Secrets to which Mike had access while

14  employees for GlobalTranz provides a competitive advantage to GlobalTranz against its direct

15  competitors such as Armstrong.

16      35.    The Confidential Information and Trade Secrets to which Mike had access

17  includes GlobalTranz's confidential and proprietary information, including but not limited to

18  current and prospective customer lists, lead lists, referrals, proposals, price lists, the needs,

19  likes and dislikes of customers, employee evaluation terms, business records, business

20  relationships, plans for future development, procedures, and other related materials and the

21  compilations of such materials.

22      36.    GlobalTranz's Confidential Information and Trade Secrets have been

23  discovered, prepared, created, learned and protected with great effort and the expenditure of

24  considerable time and money, and the Confidential Information and Trade Secrets have

25  economic value which provides GlobalTranz with a substantial business advantage.

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

37. GlobalTranz has taken measures to preserve and maintain the secrecy of the Confidential Information and Trade Secrets, and the success of GlobalTranz's business depends upon its Confidential Information and Trade Secrets.

38. Mike was given a GlobalTranz computer to use for business purposes while employed by GlobalTranz.

39. The GlobalTranz computer was provided to Mike so that he could service clients, prepare documents, and correspond with GlobalTranz and its leads, referrals and customers.

40. Throughout his employment, Mike was provided and/or given the opportunity to use other GlobalTranz property, including, but not limited to, cellphones, tablets and iPads.

41. At no time was Mike given authorization to use any Confidential Information, Trade Secrets, or GlobalTranz assets for any purpose other than one related to performing GlobalTranz business.

## MIKE'S UNLAWFUL CONDUCT

42. Upon information and belief, while employed at GlobalTranz and/or after he resigned from or discontinued his relationship with GlobalTranz, Mike solicited, recruited, or diverted customers, prospective customers, referrals, leads, and Confidential Information and Trade Secrets to DirectPoint and/or Armstrong (directly or through his company DirectPoint).

43. Upon information and belief, while employed at GlobalTranz and/or within one (1) year after he resigned from or discontinued his relationship with GlobalTranz, Mike performed or provided "Conflicting Services" to GlobalTranz customers through a direct competitor Armstrong.

44. Mike also used his position at GlobalTranz, and GlobalTranz's assets and Confidential Information and Trade Secrets, to set up relationships for DirectPoint and/or Armstrong (directly or through his company DirectPoint).

45. Upon information and belief, Defendants (directly or in concert with each other

1  or third-parties) have continued to solicit and recruit GlobalTranz's customers and employees,
2  and to service GlobalTranz's customers, perspective customers, referrals, and paid leads.

3       46.     Upon information and belief, Defendants have benefitted from this unlawful
4  activity by (a) recruiting, soliciting, and interfering with GlobalTranz's existing and
5  perspective customers, leads, referrals and/ or employees; (b) performing or providing services
6  to GlobalTranz's customers within one (1) year of Mike's departure from GlobalTranz; and
7  (c) acquiring GlobalTranz's Confidential Information and Trade Secrets through improper
8  means.

9       47.     Upon information and belief, Armstrong was aware of, encouraged and
10  condoned Mike's and/or DirectPoint's unlawful activities and acted in concert and in
11  participation with them.

12      48.     Upon information and belief, DirectPoint was aware of, encouraged and
13  condoned Mike's unlawful activities and acted in concert and in participation with them.

14      49.     Defendants, without permission or authority, have used GlobalTranz's assets,
15  Proprietary Information, Trade Secrets, and Confidential Information in their efforts to solicit
16  or perform "Conflicting Services" for GlobalTranz's existing or prospective customers and
17  employees.

18      50.     Defendants have no right, title or claim to GlobalTranz's Confidential
19  Information or Trade Secrets and their use of GlobalTranz's Confidential Information, Trade
20  Secrets, property and assets has caused and continues to cause damage to GlobalTranz.

21      51.     GlobalTranz uses its Confidential Information and Trade Secrets in interstate
22  commerce to, among other things, transact business with companies outside the State of
23  Arizona and solicit business outside the State of Arizona.

24      52.     Defendants' actions, individually and collectively, were improper and unfair and
25  designed to (1) unfairly trade upon GlobalTranz's competitive advantage in the marketplace;
26  (2) seriously interfere with GlobalTranz's operations and ability to service its customers, so as
27  to advance Defendants' ability to be successful; and (3) allow Defendants to compete unfairly

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

with GlobalTranz.

**COUNT ONE**
**BREACH OF CONTRACT – AGAINST MIKE**

53.    GlobalTranz incorporates herein by reference all other paragraphs of this Verified Complaint as though fully set forth herein.

54.    Mike had an agreement with GlobalTranz that is a valid, binding and fully enforceable contract.

55.    Mike breached the Agreement by soliciting, diverting, and providing "Conflicting Services" to GlobalTranz's existing and prospective business, customers, Confidential Information, Trade Secrets, and GlobalTranz's property and assets for his own benefit, the benefit of DirectPoint, and the benefit of Armstrong.

56.    Mike further breached the Agreement through the Doctrine of Inevitable Disclosure and by disclosing and disseminating GlobalTranz's Confidential Information and Trade Secrets to Armstrong and DirectPoint with the intent for Armstrong and/or DirectPoint to use the information to solicit and recruit GlobalTranz's existing and potential customers from GlobalTranz and to Armstrong and/or DirectPoint.

57.    As a direct and proximate result of Mike's breach, GlobalTranz has sustained, and will continue to sustain, damages in an amount to be determined at trial, including but not limited to attorney's fees.

58.    Plaintiff is entitled to recover attorney's fees, costs and expenses pursuant to A.R.S. §§ 12-340 and 12-341.01.

**COUNT TWO**
**BREACH OF FIDUCIARY DUTY – AGAINST MIKE**

59.    GlobalTranz incorporates herein by reference all other paragraphs of this Verified Complaint as though fully set forth herein.

60.    As an employee of GlobalTranz with access to and possession of confidential and proprietary information, Mike owed GlobalTranz a fiduciary duty, which includes duties

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1180-0186.1                                      11

of loyalty and conscientious service and a duty to act in GlobalTranz's best interest.

61. During his employment with GlobalTranz, Mike violated his duty by engaging in the acts set forth above, and failing to act in the utmost good faith and loyalty to GlobalTranz.

62. Mike used and disclosed to Armstrong and/or DirectPoint proprietary and Confidential Information of GlobalTranz's for Armstrong's and/or DirectPoint's own purposes, during and/or after his employment, and to unfairly compete with GlobalTranz.

63. During and/or after termination of his employment with GlobalTranz, Mike owed a continuing duty to GlobalTranz not to use or disclose to third persons, such as Armstrong and/or DirectPoint, for its own benefit or for the benefit of others, confidential company information, existing or potential customer information, and lead information to which Mike was given access with the understanding and agreement that such information would be used only for GlobalTranz's benefit.

64. During and/or after his employment with GlobalTranz, Mike used and disclosed GlobalTranz's Confidential Information and Trade Secrets for his own benefit, the benefit of DirectPoint, and for the benefit of Armstrong.

65. As a direct and proximate result of Mike's conduct, GlobalTranz sustained and continues to sustain immediate and irreparable injury, including but not limited to, losses in profits and revenues, loss of business relations with current customers, loss of business relations with future business prospects, and loss of competitive business advantage, opportunity and/or expectancy.

66. As a direct and proximate result of Mike's conduct, GlobalTranz has sustained and will continue to sustain actual and/or consequential damages in an amount to be determined at trial and is entitled to recover such damages.

67. Mike's actions were intentional, aggravated and outrageous, and Mike breached the fiduciary duties and the duties of loyalty he owed to GlobalTranz with the intent of causing injury to GlobalTranz or in conscious disregard of a substantial risk of significant

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 harm to GlobalTranz. Punitive damages should therefore be awarded in an amount sufficient
2 to punish Mike, and to deter him and others similarly situated from engaging in similar
3 conduct in the future.

### COUNT THREE
### AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY – ARMSTRONG AND DIRECTPOINT

6     68.    GlobalTranz incorporates herein by reference all other paragraphs of this
7 Verified Complaint as though fully set forth herein.

8     69.    Armstrong and DirectPoint knew that the actions by Mike constituted a breach
9 of his fiduciary duty and duty of loyalty owed to GlobalTranz.

10     70.    In furtherance of Mike's breach, Armstrong and DirectPoint provided assistance
11 and/or encouragement to Mike in allowing him and encouraging him to breach the fiduciary
12 duty and duty of loyalty owed to GlobalTranz.

13     71.    In furtherance of Mike's breach, Armstrong and DirectPoint engaged in a
14 systematic pattern of conduct that allowed Mike to breach his duties owed to GlobalTranz.

15     72.    In furtherance of Mike's breach, Armstrong and DirectPoint utilized
16 GlobalTranz's Confidential Information and Trade Secret information to recruit and induce
17 GlobalTranz's employees to breach non-solicitation and non-complete provisions of which
18 they were aware, in violation of contractual, statutory and common law duties.

19     73.    As a direct and proximate result of Armstrong's and DirectPoint's unlawful
20 conduct, GlobalTranz sustained and continues to sustain immediate and irreparable injury,
21 including but not limited to, losses in profits and revenues, loss of business relationships with
22 current customers, loss of business relations with future business prospects, loss of existing
23 and potential employees, and loss of competitive business advantage, opportunity and/or
24 expectancy.

25     74.    As a direct and proximate result of Armstrong's and DirectPoint's conduct,
26 GlobalTranz has sustained and will continue to sustain actual and/or consequential damages in
27 an amount to be determined at trail and is entitled to recover such damages.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1180-0186.1     13

1    75.    Armstrong's and DirectPoint's actions are intentional, aggravated and

2    outrageous.  Armstrong and DirectPoint aided and abetted Mike's breach of his fiduciary

3    duties and duties of loyalty owed to GlobalTranz with the intent of causing injury to

4    GlobalTranz or in conscious disregard of a substantial risk of significant harm to GlobalTranz.

5    Punitive Damages should therefore be awarded in an amount sufficient to punish Armstrong

6    and DirectPoint, and to deter Armstrong, DirectPoint and others similarly situated from

7    engaging in similar conduct in the future.

8

9                                    **COUNT FOUR**
     **MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE DEFEND**
10        **TRADE SECRETS ACT, 18 U.S.C. § 1833, et seq. – ALL DEFENDANTS**

11    76.    GlobalTranz incorporates herein by reference all other paragraphs of this

12    Complaint as though fully set forth herein.

13    77.    GlobalTranz's confidential and proprietary information and information

14    regarding the needs, requirements, specifications, processes, preferences, expectancies,

15    characteristics, traits, habits and tastes of GlobalTranz's customers, leads, referrals, and

16    employees constitute Trade Secrets as defined by the Defend Trade Secrets Act, 18 U.S.C. §

17    1833, *et seq.* ("DTSA").  This information has independent economic value because it is not

18    generally known to and readily ascertainable by proper means by other persons who can

19    obtain economic value from its use.

20    78.    GlobalTranz takes reasonable measures to protect the confidentiality of its Trade

21    Secrets, including the use of non-disclosure covenants, password-protected computers,

22    limiting access to the computer network, and limiting access to the sales area through security

23    cards.

24    79.    GlobalTranz's Trade Secrets are related to a product or service used in, or

25    intended for use in, interstate or foreign commerce.

26    80.    Mike had access to Trade Secret information while he worked for GlobalTranz

27    which was achieved exclusively in the furtherance of GlobalTranz's business.   Upon

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1180-0186.1                                      14

information and belief, Defendants acquired, misappropriated and/or threatened to misappropriate GlobalTranz's Trade Secrets by acquiring and disclosing the Trade Secrets through improper means.

81.     After Mike terminated his employment relationship with GlobalTranz, Mike continued to unlawfully access GlobalTranz's Trade Secrets and misappropriate GlobalTranz's Trade Secrets through improper means and for his own benefit and use, and on behalf on and for the benefit and use of Armstrong and/or DirectPoint.

82.     Upon information and belief, Defendants have misappropriated GlobalTranz's Trade Secrets by, among other things, disclosing and using GlobalTranz's Trade Secrets without GlobalTranz's consent, when Defendants knew or had reason to know that the Trade Secrets were acquired through improper means, or were acquired under certain circumstances giving rise to a duty to maintain their secrecy and/or limit their use, or acquired by a person who owed a duty to GlobalTranz to maintain their secrecy or limit their use.

83.     Defendants willfully violated the provisions of the DTSA by engaging in conduct that misappropriates Trade Secrets and threatens the misappropriation of Trade Secrets belonging to GlobalTranz, which are not generally available to the public, and which have been developed or acquired by GlobalTranz through great effort and expense.

84.     Unless Defendants are immediately and permanently restrained from misappropriating GlobalTranz's Trade Secrets, GlobalTranz will continue to suffer immediate and irreparable harm through loss of valuable goodwill, contracts, customers, prospective customers, clients, prospective clients, and leads, which GlobalTranz had devoted time, money and energy to cultivate. GlobalTranz's damages cannot be adequately compensated solely through money damages or other legal remedies, thereby GlobalTranz is entitled to equitable relief in the form of an injunction.

85.     As a direct and proximate result of Defendants' misappropriation of GlobalTranz's Trade Secrets, GlobalTranz has sustained and continues to sustain losses in profits and revenues, loss of business relations with current customers, loss of business

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1180-0186.1                                             15

1  relations with future business prospects, and loss of competitive business advantage

2  opportunity, and/or expectancy.

3    86.    GlobalTranz is entitled to injunctive relief; and award of damages for actual loss

4  caused by the misappropriation of trade secrets; an award of damages for unjust enrichment

5  caused by the misappropriation of trade secrets; and an award of exemplary damages as

6  provided by 18 U.S.C. § 1836(b)(3).

7

8                          **COUNT FIVE**
   **VIOLATION OF ARIZONA UNIFORM TRADE SECRETS ACT AND**
9  **MISAPPROPRIATION OF TRADE SECRETS – ALL DEFENDANTS**

10    87.    GlobalTranz incorporates herein by reference all other paragraphs of this

11  Verified Complaint as though fully set forth herein.

12    88.    GlobalTranz's confidential and proprietary information and information

13  regarding the needs, requirements, specifications, processes, preferences, expectancies,

14  characteristics, traits, habits and tastes of GlobalTranz's customers, leads, referrals, and

15  employees constitute Trade Secrets within the meaning of A.R.S. §44-401(4) (hereinafter

16  "Trade Secrets"). This information has independent economic value because it is not

17  generally known to and readily ascertainable by proper means by other persons who can

18  obtain economic value from its use. GlobalTranz has made and continues to make reasonable

19  efforts to maintain the secrecy of this information.

20    89.    Mike had access to Trade Secret information while he worked for GlobalTranz,

21  which was achieved exclusively in the furtherance of GlobalTranz's business. Upon

22  information and belief, Defendants acquired, misappropriated and/or threatened to

23  misappropriate GlobalTranz's Trade Secrets by acquiring and disclosing the Trade Secrets

24  through improper means.

25    90.    After Mike terminated his employment relationship with GlobalTranz, he

26  continued to unlawfully access GlobalTranz's Trade Secrets and misappropriate

27  GlobalTranz's Trade Secrets through improper means and for his own benefit and use, and on

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

28

4821-1180-0186.1                                    16

behalf on and for the benefit and use of Armstrong and/or DirectPoint.

91. Upon information and belief, Defendants have misappropriated GlobalTranz's Trade Secrets by, among other things, disclosing and using GlobalTranz's Trade Secrets without GlobalTranz's consent, when Defendants knew or had reason to know that the Trade Secrets were acquired through improper means, or were acquired under certain circumstances giving rise to a duty to maintain their secrecy and/or limit their use, or acquired by a person who owed a duty to GlobalTranz to maintain their secrecy or limit their use.

92. As a direct and proximate result of Defendants' misappropriation of GlobalTranz's Trade Secrets, GlobalTranz has sustained and continues to sustain losses in profits and revenues, loss of business relations with current customers, loss of business relations with future business prospects, and loss of competitive business advantage opportunity, and/or expectancy.

93. Upon information and belief, Defendants have used and are likely to use and disclose GlobalTranz's Trade Secrets for the benefit of Defendants. GlobalTranz has sustained and will continue to sustain actual and/or consequential damages in an amount to be determined at trial and is entitled to recover such damages.

94. Unless Defendants are immediately and permanently restrained from misappropriating GlobalTranz's Trade Secrets, GlobalTranz will continue to suffer immediate and irreparable harm through loss of valuable goodwill, contracts, customers, prospective customers, clients, prospective clients, and leads, which GlobalTranz had devoted time, money and energy to cultivate. GlobalTranz's damages cannot be adequately compensated solely through money damages or other legal remedies, thereby GlobalTranz is entitled to equitable relief in the form of an injunction.

95. Defendants have acted willfully and maliciously in misappropriating GlobalTranz's Trade Secrets to GlobalTranz's determent. Accordingly, GlobalTranz is entitled to its reasonable attorneys' fees pursuant to A.R.S. § 44-404 (3) and exemplary damages under A.R.S. § 44-403 (B).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## COUNT SIX
## TORTIOUS INTERFERENCE WITH CONTRACTS/ BUSINESS EXPECTANCIES – ALL DEFENDANTS

96.     GlobalTranz incorporates herein by reference all other paragraphs of this Verified Complaint as though fully set forth herein.

97.     GlobalTranz has valid existing business relationships and expectancies, including but not limited to with its customers, perspective customers, leads, referrals, and employees identified in the foregoing paragraphs.

98.     GlobalTranz has a reasonable expectancy that the contractual and business relationships with its customers, perspective customers, leads, referrals, and employees will continue indefinitely.

99.     Defendants have knowingly, intentionally and improperly interfered with GlobalTranz's relationships with its customers, perspective customers, leads, referrals, and employees.

100.    Defendants were aware of and had intimate knowledge of the business relationships between GlobalTranz and its customers, perspective customers, employees, leads and referrals, at the time they acted to interfere with GlobalTranz's relationships with them.

101.    Upon information and belief, Defendants intentionally and improperly, as to motive and to means, have used and are continuing to use GlobalTranz's Confidential Information and Trade Secrets to interfere with GlobalTranz's relationships.

102.    As a direct and approximate result of Defendants' interference with GlobalTranz's relationships, GlobalTranz has sustained and continues to sustain immediate and irreparable injury, including but not limited to, losses in profits and revenues, loss of business relationships with prospective and current customers, leads, referrals, and employees and loss of competitive business advantage, goodwill, opportunity, and/or expectancy.

103.    As a direct and approximate result of Defendants' conduct, GlobalTranz has sustained and will continue to sustain actual and/or consequential damages in an amount to be

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    determined at trial and is entitled to recover such damages.

2        104.   Defendants' actions were intentional, aggravated and outrageous. Defendants

3   interfered with GlobalTranz's relationships, with the intent of causing injury to GlobalTranz

4   or in conscious disregard of a substantial risk of significant harm to GlobalTranz. Punitive

5   damages should therefore be awarded and in amount sufficient to punish Defendants and deter

6   them and others similarly situated from engaging similar conduct in the future.

7

**COUNT SEVEN**
**CONVERSION – ALL DEFENDANTS**

8

9        105.   GlobalTranz incorporates herein by reference all other paragraphs of this

10   Verified Complaint as though fully set forth herein.

11        106.   As described above, Defendants intentionally exercised dominion and control

12   over GlobalTranz's Trade Secrets and Confidential Information.

13        107.   In doing so, Defendants have seriously and wrongfully interfered with

14   GlobalTranz's ownership and right of possession to its Trade Secrets and Confidential

15   Information.

16        108.   GlobalTranz has suffered damages as a result of Defendants' wrongful

17   interference with GlobalTranz's ownership and right of possession to its Trade Secrets and

18   Confidential Information.

19        109.   As a direct and proximate result of Defendants' conduct, GlobalTranz has

20   sustained and will continue to sustain actual and/or consequential damages in an amount to be

21   determined at trial and is entitled to recover such damages.

22

**COUNT EIGHT**
**BREACH OF THE DUTY OF GOOD FAITH ANDFAIR DEALING – MIKE**

23

24        110.   GlobalTranz incorporates herein by reference all other paragraphs of this

25   Verified Complaint as though fully set forth herein.

26        111.   The Agreement signed by Mike, and Mike's at-will relationship with

27   GlobalTranz contained an implied covenant of good faith and fair dealing that imposed upon

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1180-0186.1           19

1  to Mike a duty to act in good faith and deal fairly with GlobalTranz at all times, and to refrain

2  from undertaking actions designed to deprive GlobalTranz of the benefit of its respective

3  bargain.

4      112.    Mike acted in a manner inconsistent with the parties' reasonable expectations.

5      113.    Mike's conduct was bad faith, including but not limited to, upon information and

6  belief, having (1) solicited, recruited and/or performed "Conflicting Services" for GlobalTranz

7  customers, prospective customers, leads, and referrals for his own use and/or the use and

8  benefit of Armstrong and/or DirectPoint; (2) unlawfully accessed GlobalTranz's electronic

9  databases and/or accounts; (3) stolen GlobalTranz property and assets; and (4) engaged in the

10  actions described in the paragraphs above.

11      114.    As a direct and proximate result of Mike's breach of the implied of covenant of

12  good faith and fair dealing, GlobalTranz has sustained, and will continue to sustain, damages

13  in an amount to be determined at trial, including but not limited to, attorneys' fees incurred by

14  Plaintiff.

15      115.    Plaintiff is entitled to recover attorneys' fees, costs and expenses pursuant to

16  A.R.S. §§ 12-340 and 12-341.01.

17

18  ## COUNT NINE
   ## UNJUST ENRICHMENT – ALL DEFENDANTS

19

20      116.    GlobalTranz incorporates herein by reference all other paragraphs of this

21  Verified Complaint as though fully set forth herein.

22      117.    Defendants were enriched by obtaining GlobalTranz's Trade Secrets and

23  Confidential Information, including information about GlobalTranz's customers, perspective

24  customers, employees, leads and referrals without compensation to GlobalTranz.

25      118.    By not receiving compensation for its assets, Trade Secrets and Confidential

26  Information, GlobalTranz is impoverished.  No justification exists for GlobalTranz's

27  impoverishment and the corresponding enrichment of Defendants.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1180-0186.1          20

119. As a direct and proximate result of Defendants' conduct, GlobalTranz has sustained and will continue to sustain actual and/or consequential damages in an amount to be determined at trial and is entitled to recover such damages and is entitled to restitution from Defendants.

## COUNT TEN
## CIVIL CONSPIRACY – ALL DEFENDANTS

120. GlobalTranz incorporates herein by reference all other paragraphs of this Verified Complaint as though fully set forth herein.

121. Upon information and belief, Defendants agreed to unlawfully obtain GlobalTranz's Confidential Information and Trade Secrets.

122. Upon information and belief, Defendants used unlawful means to misappropriate GlobalTranz's Confidential Information and Trade Secrets, including inducing GlobalTranz employees to breach their fiduciary duties to GlobalTranz, breach their agreements with GlobalTranz, and misappropriate Trade Secrets in violation of state and federal law.

123. Upon information and belief, Defendants engaged in wrongful accts, including misappropriation of GlobalTranz customer and account lists.

124. GlobalTranz has been damaged as a result of Defendants' conduct in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment and decree in its favor and against Defendants as follows:

a. A preliminary injunction and permanent injunction against Defendants to (1) enjoin them directly or indirectly, acting alone or in concert with others, including any officer, agent, employee and/or representative, from and after the date of the entering of such injunction from using, disclosing, or transmitting Confidential Information, Trade Secrets, or other protected information or assets belonging to GlobalTranz, including but not limited to information as to its plans, business strategies, leads, lead lists, referrals, proposals, customer lists, price lists, the needs, the likes, and dislikes of customers, business records, business

relationships, plans for future development, accounting and financial information, procedures, lists of or information regarding employees, agents, and independent contractors, and other related materials and the compilations of such that were unlawfully taken from GlobalTranz by Mike, and to enjoin Mike from breaching his contract with GlobalTranz; (2) require that original records, copies or reproductions of GlobalTranz's documents or information which are or ever were in the possession of the Defendants be immediately returned to GlobalTranz; (3) prohibit Defendants from soliciting customers, agents, employees, or contractors of GlobalTranz in violation of the agreements that Mike entered into with GlobalTranz; and (4) prohibit Defendants from soliciting, contacting, continuing work, and/or accepting business, referrals, or work generated through the use of GlobalTranz property or information taken from GlobalTranz, or generated for Armstrong or DirectPoint from information due to Mike's employment with GlobalTranz;

      b.    An award of compensatory, general, and special damages, if any, in an amount to be determined at trial;

      c.    Disgorgement of Mike's wages or compensation paid by GlobalTranz;

      d.    Punitive damages in an amount sufficient to punish Defendants and to deter them and other similarly situated from engaging in similar conduct in the future;

      e.    An award of reasonable attorneys' fees and costs, including but not limited to fees pursuant to A.R.S. §§ 12-340, 12-341.01, 12-404 (3);

      f.    An award of pre and post judgment interest, at the highest rate as allowable by law; and

      g.    An award of such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

RESPECTFULLY SUBMITTED this _1st_ day of November, 2018.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:_____
Julie E. Maurer
Angela L. Cooner
David C. Clukey
*Attorneys for Plaintiff GlobalTranz Enterprises, Inc.*

1    g.    An award of such other and further relief as the Court deems just and proper.

2

3    RESPECTFULLY SUBMITTED this _____ day of November, 2018.

4                                        **LEWIS BRISBOIS BISGAARD &**
                                         **SMITH LLP**
5

6

7                                 By:_____
                                         Julie E. Maurer
8                                        Angela L. Cooner
                                         David C. Clukey
9                                        *Attorneys for Plaintiff GlobalTranz*
                                         *Enterprises, Inc.*
10

11

12

13

14   ORIGINAL of the foregoing filed
15   this _____ day of November, 2018 with:

16   Clerk of the Court
17   Maricopa County Superior Court

18

19   _____
     34464-105
20

21

22

23                          **<u>VERIFICATION</u>**

24

25   Under penalty of perjury, the Plaintiff hereby verifies and affirms on the _14th_ day of

26   November, 2018 that the foregoing factual allegations are true and correct to the best of the

27   Plaintiff's information, knowledge, and belief:

28

LEWIS
BRISBOIS

By: _____

      Joel Rosenblatt
      Vice President
      Phoenix Branch Operations
      GlobalTranz Enterprises, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS

25



1  JULIE E. MAURER, SB #023347
   Julie.Maurer@lewisbrisbois.com
2  ANGELA L. COONER, SB #023410
   Angela.Cooner@lewisbrisbois.com
3  DAVID C. CLUKEY, SB #034685
   David.Clukey@lewisbrisbois.com
4  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   Phoenix Plaza Tower II
5  2929 North Central Avenue, Suite 1700
   Phoenix, Arizona 85012-2761
6  Telephone: 602.385.1040
   Facsimile: 602.385.1051
7  Firm email: azdocketing@lewisbrisbois.com
   *Attorneys for Plaintiff GlobalTranz Enterprises, Inc.*

8

9              SUPERIOR COURT OF THE STATE OF ARIZONA

10                 IN AND FOR THE COUNTY OF MARICOPA

11  GLOBALTRANZ ENTERPRISES, INC.,      No.   CV 2 0 1 8 - 0 1 4 4 2 0

12              Plaintiff,              **SUMMONS**

13        vs.

14  SEAN MICHAEL MURPHY and JANE
    DOE MURPHY, husband and wife;
15  DIRECTPOINT LOGISTICS, LLC; and
    ARMSTRONG TRANSPORT GROUP,
16  LLC,

17              Defendants.

18        **THE STATE OF ARIZONA TO:**
          **Armstrong Transport, LLC**
19        **c/o Christopher Cobb**
          **8210 University Exec. Park Dr., Suite 210**
20        **Charlotte, NC 28262**

21        **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the

22  time applicable, in this action in this Court. If served within Arizona, you shall appear and

23  defend within TWENTY (20) DAYS after the service of the Summons and Complaint upon

24  you, exclusive of the day of service. If served out of the State of Arizona--whether by direct

25  service, by registered or certified mail, or by publication--you shall appear and defend within

26  THIRTY (30) DAYS after the service of the Summons and Complaint upon you is complete,

27  exclusive of the day of service. Service by registered or certified mail outside the State of

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

1 | Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the
2 | Court. Service by publication is complete 30 days after the date of first publication. Direct
3 | service is complete when made.

4 |     **YOU ARE HEREBY NOTIFIED** that you are being served as a defendant in the
5 | above-entitled action in this Court, and that in case of your failure to appear and defend within
6 | the time applicable, judgment by default will be rendered against you for the relief demanded
7 | in the Complaint. If you are served other than by publication, your failure to appear and
8 | defend would permit a money judgment, as well as loss of Arizona property, to be rendered
9 | against you. This Court has the power to render such a money judgment pursuant to the laws
10 | of this State, including Article 6, Section 6, Arizona Constitution; Rule 4(d) and 4(e) of the
11 | Arizona Rules of Civil Procedure; and §12-123, 12-124, Arizona Revised Statutes. Such
12 | jurisdictional power over nonresidents of the Arizona and corporations incorporated under the
13 | laws of any other state or foreign country which have no legally appointed or constituted agent
14 | in Arizona, is conferred through the allegation in the Complaint that the claim arises out of an
15 | event you caused to occur within Arizona. You are cautioned that in order to appear and
16 | defend you must file an answer or proper response in writing with the Clerk of this Court,
17 | accompanied by the necessary filing fee within the time required and you are required to serve
18 | a copy of that Answer or response upon the Plaintiff's attorneys whose names and address are
19 | shown below.

20 |     Plaintiff's attorneys' address is Lewis Brisbois Bisgaard & Smith, Phoenix Plaza Tower
21 | II 2929 North Central Avenue, Suite 1700 Phoenix, AZ 85012.

22 | Requests for reasonable accommodation for persons with disabilities must be made to the
23 | division assigned to the case by parties at least 3 judicial days in advance of a scheduled court
24 | proceeding.

25 | / / /
26 | / / /
27 | / / /
28 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

# CLERK OF THE COURT
## SUPERIOR COURT OF ARIZONA
### MARICOPA COUNTY

Chris DeRose
Clerk

602-37-CLERK(25375)
Fax – 602-506-7684

Case # _____

Pursuant to Maricopa County Local Rule 2.5(c) Required Language for Summonses, Subpoenas, and Orders to Appear, the following is attached and becomes part of the forgoing Summons, Subpoena, or Order to Appear

*(Conforme a la Regla 2.5(c) del Condado de Maricopa Lenguaje Requerido para Citatorios y Órdenes de Comparacencia, lo próximo forma parte de los Citatorios y Órdenes de Comparacencia)*

### ADA Notification
*(Notificación de la Ley sobre Estadounidenses con Discapacidades)*

**Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least three (3) working days in advance of a scheduled court proceeding.**
*(Las partes deberán presentar a la corte las solicitudes para acomodar de manera razonable a personas con discapacidades por lo menos tres (3) días hábiles antes de un procedimiento judicial regular.)*

### Interpreter Notification
*(Notificación de Intérprete)*

**Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case by parties at least ten (10) judicial days in advance of a scheduled court proceeding.**
*(Las solicitudes de intérprete para personas con dominio limitado del idioma inglés deben hacerse a la oficina del juez o comisionado asignado al caso por las partes por lo menos diez (10) días judiciales antes de un procedimiento judicial regular.)*

GIVEN under my hand and the seal of the Superior Court of the State of Arizona, in and for

the County of _____ NOV 1 6 2018 _____, this ___ day of _____.

CHRIS DEROSE, CLERK

Maricopa County Superior Court Clerk

4821-5314-2651.1

2

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP



1  JULIE E. MAURER, SB #023347
   Julie.Maurer@lewisbrisbois.com
2  ANGELA L. COONER, SB #023410
   Angela.Cooner@lewisbrisbois.com
3  DAVID C. CLUKEY, SB #034685
   David.Clukey@lewisbrisbois.com
4  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   Phoenix Plaza Tower II
5  2929 North Central Avenue, Suite 1700
   Phoenix, Arizona 85012-2761
6  Telephone: 602.385.1040
   Facsimile: 602.385.1051
7  Firm email: azdocketing@lewisbrisbois.com
   *Attorneys for Plaintiff GlobalTranz Enterprises, Inc.*

8

9              SUPERIOR COURT OF THE STATE OF ARIZONA

10              IN AND FOR THE COUNTY OF MARICOPA

11  GLOBALTRANZ ENTERPRISES, INC.,       No. CV2018-014420

12              Plaintiff,              **SUMMONS**

13      vs.

14  SEAN MICHAEL MURPHY and JANE
    DOE MURPHY, husband and wife;
15  DIRECTPOINT LOGISTICS, LLC; and
    ARMSTRONG TRANSPORT GROUP,
16  LLC,

17              Defendants.

18      **THE STATE OF ARIZONA TO:**
        **Directpoint Logistics, LLC**
19      **c/o Sean Michael Murphy**
        **10818 N. 43rd Street**
20      **Phoenix, Arizona 85028**

21      **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the

22  time applicable, in this action in this Court. If served within Arizona, you shall appear and

23  defend within TWENTY (20) DAYS after the service of the Summons and Complaint upon

24  you, exclusive of the day of service. If served out of the State of Arizona--whether by direct

25  service, by registered or certified mail, or by publication--you shall appear and defend within

26  THIRTY (30) DAYS after the service of the Summons and Complaint upon you is complete,

27  exclusive of the day of service. Service by registered or certified mail outside the State of

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-6635-7115.1

1  Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the

2  Court. Service by publication is complete 30 days after the date of first publication. Direct

3  service is complete when made.

4  **YOU ARE HEREBY NOTIFIED** that you are being served as a defendant in the

5  above-entitled action in this Court, and that in case of your failure to appear and defend within

6  the time applicable, judgment by default will be rendered against you for the relief demanded

7  in the Complaint. If you are served other than by publication, your failure to appear and

8  defend would permit a money judgment, as well as loss of Arizona property, to be rendered

9  against you. This Court has the power to render such a money judgment pursuant to the laws

10 of this State, including Article 6, Section 6, Arizona Constitution; Rule 4(d) and 4(e) of the

11 Arizona Rules of Civil Procedure; and §12-123, 12-124, Arizona Revised Statutes. Such

12 jurisdictional power over nonresidents of the Arizona and corporations incorporated under the

13 laws of any other state or foreign country which have no legally appointed or constituted agent

14 in Arizona, is conferred through the allegation in the Complaint that the claim arises out of an

15 event you caused to occur within Arizona. You are cautioned that in order to appear and

16 defend you must file an answer or proper response in writing with the Clerk of this Court,

17 accompanied by the necessary filing fee within the time required and you are required to serve

18 a copy of that Answer or response upon the Plaintiff's attorneys whose names and address are

19 shown below.

20 Plaintiff's attorneys' address is Lewis Brisbois Bisgaard & Smith, Phoenix Plaza Tower

21 II 2929 North Central Avenue, Suite 1700 Phoenix, AZ 85012.

22 Requests for reasonable accommodation for persons with disabilities must be made to the

23 division assigned to the case by parties at least 3 judicial days in advance of a scheduled court

24 proceeding.

25 ///

26 ///

27 ///

28

# CLERK OF THE COURT
## SUPERIOR COURT OF ARIZONA
### MARICOPA COUNTY

Chris DeRose
Clerk

602-37-CLERK(25375)
Fax — 602-506-7684

Case # _____

Pursuant to Maricopa County Local Rule 2.5(c) Required Language for Summonses, Subpoenas, and Orders to Appear, the following is attached and becomes part of the forgoing Summons, Subpoena, or Order to Appear

*(Conforme a la Regla 2.5(c) del Condado de Maricopa Lenguaje Requerido para Citatorios y Órdenes de Comparacencia, lo próximo forma parte de los Citatorios y Órdenes de Comparacencia)*

### ADA Notification
*(Notificación de la Ley sobre Estadounidenses con Discapacidades)*

**Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least three (3) working days in advance of a scheduled court proceeding.**
*(Las partes deberán presentar a la corte las solicitudes para acomodar de manera razonable a personas con discapacidades por lo menos tres (3) días hábiles antes de un procedimiento judicial regular.)*

### Interpreter Notification
*(Notificación de Intérprete)*

**Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case by parties at least ten (10) judicial days in advance of a scheduled court proceeding.**
*(Las solicitudes de intérprete para personas con dominio limitado del idioma inglés deben hacerse a la oficina del juez o comisionado asignado al caso por las partes por lo menos diez (10) días judiciales antes de un procedimiento judicial regular.)*

1   GIVEN under my hand and the seal of the Superior Court of the State of Arizona, in and for

2   the County of _____, this ___ day of ___ NOV. **1 6** 2018 ___.

3                                                              CHRIS DEROSE, CLERK

4                                                              _____
                                                             Maricopa County Superior Court Clerk

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28