**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GlobalTranz Enterprises Incorporated, | No. CV-18-04819-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Sean Michael Murphy, et al., | |
| Defendants. | |

On May 3, 2019, the parties filed a stipulation to a proposed protective order (Doc. 26.) On May 13, 2019, the Court granted the stipulation and entered a protective order that provided, *inter alia*, that "[b]efore any [materials designated confidential] are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal." (Doc. 27 ¶ 8.) The protective order further provided that "[n]othing in this order shall be construed as automatically permitting a party to file under seal" and that "[t]he party seeking leave of Court shall show 'compelling reasons' (where the motion is more than tangentially related to the merits of the case) or 'good cause' for filing under seal." (*Id.*)

The parties have now filed a stipulation asking the Court to seal various exhibits to their motions for summary judgment. (Doc. 112.) Plaintiff contends that some of the exhibits contain "either trade secrets or confidential business information" and the remaining exhibits should be sealed because they were marked as confidential by a now-dismissed party, Armstrong Transport Group LLC ("Armstrong"). (*Id.* at 1-2.) Defendant

1  Murphy, meanwhile, "does not object to the sealing of the records" but "cannot agree that
2  the exhibits requested to be sealed contain trade secrets" because he is being sued in this
3  case for disclosing trade secrets and disputes that claim on the ground, *inter alia*, that the
4  information at issue doesn't actually qualify as a trade secret. (*Id.* at 1.) Thus, the parties
5  ask that the Court include, in its sealing order, a specific finding that "compelling reasons"
6  standard has *not* been satisfied. (*Id.* at 2.)

7  The parties' stipulation will be denied. The public has a general right to inspect
8  judicial records and documents, such that a party seeking to seal a judicial record must
9  overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of*
10 *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate
11 compelling reasons supported by specific factual findings that outweigh the general history
12 of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal
13 quotation marks and citations omitted). The Court must then "conscientiously balance the
14 competing interests of the public and the party who seeks to keep certain judicial records
15 secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests,
16 if the court decides to seal certain judicial records, it must base its decision on a compelling
17 reason and articulate the factual basis for its ruling, without relying on hypothesis or
18 conjecture." *Id.* (internal quotation marks omitted).

19 The "stringent" compelling reasons standard applies to all filed motions and their
20 attachments where the motion is "more than tangentially related to the merits of a case."
21 *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). A
22 motion for summary judgment is clearly such a motion, and the "compelling reasons"
23 standard applies to the parties' summary judgment motions and their exhibits.

24 Here, the parties have not attempted to "*articulate compelling reasons* supported by
25 *specific factual findings* that outweigh the general history of access and the public policies
26 favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1178-79 (emphasis added). Although
27 the stipulation contains a cursory discussion of why certain categories of exhibits may be
28 subject to sealing, that discussion is far too vague to suffice.

Thus, the stipulation is denied without prejudice. To the extent either party wishes to try again, it must include—for *each* document it wishes to file under seal—a specific description of the document and compelling reasons for sealing that document, supported by specific facts. The more specific and compelling the reasons and facts provided are, the more likely it is that the Court will find that compelling reasons justify sealing the documents. To the extent that only portions of certain documents might satisfy the *Kamakana* standard, such that the party seeking the sealing order wishes to propose redactions, the party shall lodge under seal unredacted versions in which the text that the movant wishes to redact is highlighted.

The Court also wishes to emphasize that, should Plaintiff file a motion to seal the exhibits to its summary judgment motion premised on the existence of trade secrets, the Court will not view Defendant Murphy's failure to oppose the sealing motion as an implicit concession that Plaintiff's theft-of-trade-secrets claim has merit.

Meanwhile, to the extent Defendant Murphy is seeking to file the exhibits to his summary judgment motion under seal because they were previously marked as confidential by Plaintiff, the parties must adhere to the procedure set forth in LRCiv 5.6(d) (which, in a nutshell, places the onus on the designating party to justify why the documents should be sealed). Similarly, dismissed party Armstrong is still a party for the purposes of LRCiv 5.6. Thus, if either party wishes to file materials designated as confidential by Armstrong, the filer must adhere to the procedure outlined in LRCiv 5.6(d).

Accordingly,

**IT IS ORDERED** denying without prejudice the parties' stipulation for leave to file their summary judgment motions and exhibits thereto under seal (Doc. 112).

**IT IS FURTHER ORDERED** that, pursuant to LRCiv 5.6(e), the lodged documents will not be filed, but will remain under seal. The Court will extend the time provided by LRCiv 5.6(e) for the parties to act. Either party may, within **15 days** of the entry of this Order, (1) resubmit the motion and its exhibits for filing in the public record, (2) file a new motion to seal that conforms with the requirements delineated in this order,

and/or (3) file and serve a notice of lodging summarizing the parties' dispute pursuant to LRCiv 5.6(d).

Dated this 29th day of April, 2020.

Dominic W. Lanza
United States District Judge