**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GlobalTranz Enterprises Incorporated, | No. CV-18-04819-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Sean Michael Murphy, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's second motion for leave to file under seal (Doc. 131). For the reasons stated below, the motion is granted.

On April 28, 2020, Plaintiff filed a motion for leave to file various exhibits to Plaintiff's and Defendant's motions for summary judgment under seal. (Doc. 112.) On April 29, 2020, the Court denied that motion without prejudice, noting that Plaintiff had failed to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006), as is required for all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). (Doc. 129 at 2.) The Court specified that "[t]o the extent either party wishes to try again, it must include—for *each* document it wishes to file under seal—a specific description of the document and compelling reasons for sealing that document, supported by specific facts." (*Id*. at 3.)

1  On May 14, 2020, Plaintiff filed a new motion seeking leave to file under seal. (Doc. 131.) This motion provided an overview of the applicable law and explained that the specific exhibits Plaintiffs sought to seal fell into two categories: "(1) customer information, patterns, practices and preferences; and (2) confidential internal business information that reveals costs, sales, profits, profit margins, and business practices that provide GTZ with a competitive advantage in the highly competitive industry of shipping logistics and freight management." (*Id.* at 4.) Plaintiff then provided a specific description of each document and specific reasons to seal each document. (*Id.* at 6-11.) Plaintiff also attached a declaration from Reginal Relf, Vice President of Sales for GTZ's Phoenix Branch, attesting to GTZ's information management practices and the proprietary nature of its customer and shipping data. (Doc. 131-1.) The Court appreciates the thorough descriptions and analysis and agrees that the reasons proffered are compelling.

Accordingly, for the reasons above and those detailed in Plaintiff's motion,

**IT IS ORDERED** that Plaintiff's second motion for leave to file under seal (Doc. 131) is granted. The exhibits that Plaintiff seeks to seal in their entirety (Plaintiff's Exhibits 20, 25, and 27; Defendant's Exhibits 16, 17, 18, 25, 27, 41, 42, and 43) shall be sealed in their entirety, and the exhibits where Plaintiff seeks to seal only certain portions (Plaintiff's Exhibit 34; Defendant's Exhibits 2, 9, 15, 19, 38, 39, and 46) shall be sealed, with redacted versions made available to the public.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file under seal the documents lodged at Doc. 132.

**IT IS FURTHER ORDERED** that Plaintiff (1) shall file in the public record a redacted version of those exhibits that are only partially sealed pursuant to this order (Plaintiff's Exhibit 34; Defendant's Exhibits 2, 9, 15, 19, 38, 39, and 46), and (2) shall file in the public record or withdraw any exhibit, if any, that is not sealed pursuant to this order and has not previously been filed in the public record.

Dated this 27th day of May, 2020.

Dominic W. Lanza
United States District Judge